**From:** Leslie Donaldson [ldonaldson@marioncountywv.com]
**Sent:** Wednesday, May 05, 2010 2:25 PM
**To:** Deborah L. Jarvis
**Subject:** [POSSIBLE SPAM] Docket sheet

**Importance:** Low

Case #...      10-C-110
Plaintiff      MARK BROWN
Defendant      LCA COLLECTIONS ET AL

1   4/05/10 Information Statement
2   4/05/10 Complaint
3   4/05/10 Summons: sent to SOS
4   4/08/10 Rtn Grn Crd frm SOS signed k. Thomas 04/07/10
5   4/12/10 Rtn Frm SOS of Summon for AMCA Collection Delivered 04/12/10
6   4/12/10 Rtn Frm SOS for LCA Collections of Summons Delivered 4/12/10
7   4/16/10 COS/Plain Frst set of Interr
8   4/16/10 COS/Plain First Set of Inter to LCA Collections
9   4/16/10 COS/Plain Frst set of Req for Admissions to LCA Collections
10  4/16/10 COS/Plain Frst set of req for Production to LCA Collections
11  4/16/10 COS/Plain Frst set of Req for Prod to Amer Med Coll.
12  4/16/10 COS/Plain Frst Set of Req for Admiss to Amer. Med Coll

## CIVIL CASE INFORMATION STATEMENT
### CIVIL CASES
(Other than Domestic Relations)

In the Circuit Court, __MARION_____ County, West Virginia

## I. CASE STYLE:

**Plaintiff(s)**

Mark  Brown

1311 Chamberlain Ave.

Fairmont, WV 26554

Case # 10-C- 11 0

Judge: FOX

vs.

| Defendant(s) | Days to Answer | Type of Service |
|---|---|---|
| LCA Collections | 30 | WVSOS |
| 327 Hillsborough Street | | |
| **Street** | | |
| Raleigh NC 27603 | | |
| AMCA Collection Agency | | |
| 2269 S. Saw Mill River Road, Building 3 | | |
| Elmsford,   NY 10523 | 30 | WVSOS |
| **Street** | | |
| **City, State, Zip** | | |
| | | |
| **Street** | | |
| **City, State, Zip** | | |
| | | |
| **Street** | | |
| **City, State, Zip** | | |

RECEIVED & FILED
CIRCUIT CLERKS OFFICE
2010 MAR 5 PM 2 29
BARBARA A. CORE
CIRCUIT CLERK

Original and __4_____ copies of complaint enclosed/attached.

SCA-C100.02 / 1 of 2

| | |
|---|---|
| PLAINTIFF: Mark Brown<br>DEFENDANT: LCA Collections et al: | CASE NUMBER: 10-C- |

II. TYPE OF CASE:

☑ General Civil

☐ Mass Litigation
   (As defined in T.C.R. Rule XIX (c)

   ☐ Asbestos
   ☐ Carpal Tunnel Syndrome
   ☐ Diet Drugs
   ☐ Environmental
   ☐ Industrial Hearing Loss
   ☐ Silicone Implants
   ☐ Other: _____

☐ Adoption

☐ Administrative Agency Appeal

☐ Civil Appeal from Magistrate Court

☐ Miscellaneous Civil Petition

☐ Mental Hygiene

☐ Guardianship

☐ Medical Malpractice

☐ Habeas Corpus/Other Extraordinary Writ

☐ Other: _____

III. JURY DEMAND: ☑ Yes ☐ No

CASE WILL BE READY FOR TRIAL BY (MONTH/YEAR): 04 / 12

IV. DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL ACCOMMODATIONS DUE TO A DISABILITY? ☐ YES
☑ NO
   IF YES, PLEASE SPECIFY:

   ☐ Wheelchair accessible hearing room and other facilities
   ☐ Interpreter or other auxiliary aid for the hearing impaired
   ☐ Reader or other auxiliary aid for the visually impaired
   ☐ Spokesperson or other auxiliary aid for the speech impaired
   ☐ Other: _____

Attorney Name: Franklin Cornette, Esq.

Firm: Cornette Law, PLLC

Address: P.O. Box 967 Weston, WV 26452.

Telephone: (888) 822 2980

Dated: March 25 2010

Representing:

☑ Plaintiff  ☐ Defendant

☐ Cross-Complainant ☐ Cross-Defendant

_____
Signature

☐ Proceeding Without an Attorney

SCA-C100.02 / 2 of 2

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

WV Secretary of State
1900 Kanawha Blvd East
Bldg 1 Suite 157-K
Charleston, WV 25305

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Hillary A. Schmidt_   ☐ Agent   ☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery
APR 07 2011

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

10-C-110

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)   7009 3410 0000 6191 4579

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

# West Virginia Secretary of State — Online Data Services

## Business & Licensing

## Service Of Process Search Item Detail

Back To Results | New Search

| Service Information | |
|---|---|
| **Civil Action** | 10-C-110 |
| **Defendant** | AMCA Collection Agency |
| **Agent** | |
| **City/State/Zip** | Elmslord , NY 10523 |
| **Country** | US - United States of America |
| **County** | Marion |
| **Service Date** | 4/8/2010 |
| **Delivery Information** | |
| **Certified Number** | 9171923790001000244652 |
| **Delivered Date** | 4/12/2010 8:05:00 AM |
| **Delivered** | YES |
| **Status Details** | DELIVERED (Complete list of USPS status descriptions) |
| **USPS NOTICE** | *USPS requires a signature for non-delivered, returned to sender certified letters. If the signature below is that of either **Kathy Thomas, Deanna Karlen, State of West Virginia** or **Central Mailing Office**, this letter has not been served and was returned to the clerk of the appropriate court.* |

Click the image below to view full size, for printing or saving to your computer.

WV SOS - Business & Licensing - Service Of Process Search

No Image
Available

**Signature
Image**

Back To Results | New Search

Printed from West Virginia Secretary of State Online Data Services web site:
http://apps.sos.wv.gov

© 2010 State of West Virginia

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E
Charleston, WV  25305



9171 9237 9000 1000 2446 52



**Natalie E. Tennant**
Secretary of State
Telephone: 304-558-6000
Toll Free: 866-SOS-VOTE
www.wvsos.com

| | |
|---|---|
| ControlNumber: | 293801 |
| Defendant: | AMCA Collection Agency |

Barbara A. Core, Circuit Clerk
Marion County Courthouse
219 Adams St Rm 211
Fairmont WV  26554-1269

| | | |
|---|---|---|
| Civil Action: | | 4/8/2010 |
| | | 10-C-110 |

I am enclosing:

| | | | |
|---|---|---|---|
| ____ summons | ____ affidavit | _1_ | summons and complaint |
| ____ notice | ____ answer | ____ | summons returned from post office |
| ____ order | ____ cross-claim | ____ | summons and amended complaint |
| ____ petition | ____ counterclaim | ____ | 3rd party summons and complaint |
| ____ motion | ____ request | ____ | no return from post office |
| ____ suggestions | ____ certified return receipt | ____ | notice of mechanic's lien |
| ____ interrogatories | ____ request for production | ____ | suggestee execution |
| ____ original | ____ request for admissions | ____ | Other |
| ____ subpeona duces tecum | | | |

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact.  According to law, I have accepted service of process in your name and on your behalf.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in your name and on behalf as your attorney-in-fact.  Please address any questions about this document directly to the court or the plantiff's attorney, shown in the enclosed paper.  Please do not call the Secretary of State's office.*

*Sincerely,*

*Natalie E. Tennant*

Natalie E. Tennant
Secretary of State



S U M M O N S

CIRCUIT COURT OF MARION COUNTY, WEST VIRGINIA

MARK BROWN
1311 CHAMBERLAIN AVE
FAIRMONT        WV 26554


v.                          10-C-110        JUDGE FRED L FOX

LCA COLLECTIONS ET AL
327 HILLSBOROUGH STREET
RALEIGH         NC 27603

AMCA COLLECTION AGENCY
2269 S. SAW MILL RIVER RD BLD3
ELMSLORD        NY 10523


To the Above-Named Defendant(s):
IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby summoned and
required to serve upon FRANKLIN CORNETTE
Plaintiff's Attorney, whose address is PO BOX 967
                        WESTON, WV 26452
an answer, including any related counter-claim you may have, to the complaint
filed against you in the above-styled civil action, a true copy of which is
herewith delivered to you.  You are required to serve your answer within 30
days after service of this summons upon you, exclusive of the day of service.
If you fail to do so, judgement by default will be taken against you for the
relief demanded in the complaint and you will be thereafter barred from
asserting in another action any claim you may have which must be asserted by
counterclaim in the above-styled civil action.
DATED: 04/05/10

                        Barbara A. Core, Clerk
                        Marion County Circuit Court

                        By:                   ,Deputy



# West Virginia Secretary of State — Online Data Services

## Business & Licensing

## Service Of Process Search Item Detail

Back To Results | New Search

| Service Information | |
|---|---|
| **Civil Action** | 10-C-110 |
| **Defendant** | LCA Collections, et,al |
| **Agent** | |
| **City/State/Zip** | Raleigh , NC 27603 |
| **Country** | US - United States of America |
| **County** | Marion |
| **Service Date** | 4/8/2010 |
| Delivery Information | |
| **Certified Number** | 91719237900001000244645 |
| **Delivered Date** | 4/12/2010 11:21:00 AM |
| **Delivered** | YES |
| **Status Details** | DELIVERED (Complete list of USPS status descriptions) |
| **USPS NOTICE** | *USPS requires a signature for non-delivered, returned to sender certified letters. If the signature below is that of either **Kathy Thomas**, **Deanna Karlen**, **State of West Virginia** or **Central Mailing Office**, this letter has not been served and was returned to the clerk of the appropriate court.* |

Click the image below to view full size, for printing or saving to your computer.

No Image
Available

**Signature
Image**

Back To Results | New Search

Printed from West Virginia Secretary of State Online Data Services web site:
http://apps.sos.wv.gov

© 2010 State of West Virginia

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E
Charleston, WV  25305



9171 9237 9000 1000 2446 45



**Natalie E. Tennant**
Secretary of State
Telephone: 304-558-6000
Toll Free: 866-SOS-VOTE
www.wvsos.com

|  |  |
|---|---|
| ControlNumber: | 293800 |
| Defendant: | LCA Collections, et,al |

Barbara A. Core, Circuit Clerk
Marion County Courthouse
219 Adams St Rm 211
Fairmont WV  26554-1269

|  |  |
|---|---|
|  | 4/8/2010 |
| Civil Action: | 10-C-110 |

I am enclosing:

| | | | |
|---|---|---|---|
| _____ summons | _____ affidavit | 1 | summons and complaint |
| _____ notice | _____ answer | _____ | summons returned from post office |
| _____ order | _____ cross-claim | _____ | summons and amended complaint |
| _____ petition | _____ counterclaim | _____ | 3rd party summons and complaint |
| _____ motion | _____ request | _____ | no return from post office |
| _____ suggestions | _____ certified return receipt | _____ | notice of mechanic's lien |
| _____ interrogatories | _____ request for production | _____ | suggestee execution |
| _____ original | _____ request for admissions | _____ | Other |
| _____ subpeona duces tecum | | | |

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact.  According to law, I have accepted service of process in your name and on your behalf.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in your name and on behalf as your attorney-in-fact.   Please address any questions about this document directly to the court or the plantiff's attorney, shown in the enclosed paper.  Please do not call the Secretary of State's office.*

*Sincerely,*

Natalie E. Tennant
Secretary of State

RETURN

S U M M O N S

CIRCUIT COURT OF MARION COUNTY, WEST VIRGINIA

MARK BROWN
1311 CHAMBERLAIN AVE
FAIRMONT      WV  26554

v.                        10-C-110        JUDGE FRED L FOX

LCA COLLECTIONS ET AL
327 HILLSBOROUGH STREET
RALEIGH        NC  27603

AMCA COLLECTION AGENCY
2269 S. SAW MILL RIVER RD BLD3
ELMSIORD       NY  10523

To the Above-Named Defendant(s):
IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby summoned and
required to serve upon FRANKLIN CORNETTE
Plaintiff's Attorney, whose address is PO BOX 967
                      WESTON, WV 26452
an answer, including any related counter-claim you may have, to the complaint
filed against you in the above-styled civil action, a true copy of which is
herewith delivered to you.  You are required to serve your answer within 30
days after service of this summons upon you, exclusive of the day of service.
If you fail to do so, judgement by default will be taken against you for the
relief demanded in the complaint and you will be thereafter barred from
asserting in another action any claim you may have which must be asserted by
counterclaim in the above-styled civil action.
DATED: 04/05/10

                        Barbara A. Core, Clerk
                        Marion County Circuit Court

                        By: _____ Deputy

CIRCUIT CLERK

WV Secretary of State

Receipt #:                          87I943
Station ID:                         H01

List of Services
sp s  s   lca collections

Total:                              $40.00

Payment Details:
cornette law
k 216
                                    $40.00

Total:                              $40.00

Original Transaction Date:  04/07/2010
Thank You For Your Business!

IN THE CIRCUIT COURT OF MARION COUNTY, WEST VIRGINIA

MARK BROWN,

        Plaintiff,

v.

AMERICAN MEDICAL COLLECTIONS
AGENCY AND LCA COLLECTIONS,

        Defendants.

Hon. _____

Civ. Action No. 10-C____

## COMPLAINT

Comes now Plaintiff Mark Brown, by his undersigned counsel, for his complaint against the American Medical Collection Agency ("AMCA") and LCA Collections ("LCA"), and herein provides the following:

### Parties, Jurisdiction and Venue

1.    Mr. Brown was domiciled in Marion County at the time of the facts herein and remains so domiciled.

2.    Defendants LCA and AMCA appear to be collection agencies operating outside of West Virginia.

3.    Both Defendants are sending 'dunning' letters into West Virginia.

4.    Circuit courts in West Virginia have jurisdiction over disputes arising under the West Virginia Consumer Credit and Protection Act ("WVCCPA") W. Va. Code § 46A-1-101 et seq.

5.    Defendant AMCA maintains offices in Elmsford, New York and sent mailings into West Virginia but is elusive and may be named Retrieval Masters Credit Bureau, Inc. (same address) which is not the name used on West Virginia collection letters.

6.      Defendant LCA maintains offices in Burlington, North Carolina and sent mailings into West Virginia.

## Background

7.      Mr. Brown adopts and incorporates by reference the paragraphs numbered 1 through 6 above as if they were fully and completely set forth herein.

8.      In mid 2009, Mr. Brown began receiving collection letters from LCA.

9.      In late 2009, Mr. Brown began receiving collection letters from AMCA, these letters continued into 2010.

## COUNTS I - XIV: Violations of LCA

10.     Mr. Brown adopts and incorporates by reference the paragraphs numbered 1 through 9 above as if they were fully and completely set forth herein.

11.     For all the collection letters discussed in the instant matter, Mr. Brown asserts on his behalf and on the behalf of those similarly situated that they appear to be computer or auto-generated letters and are not individually hand-written to Mr. Brown, and thus it is reasonable to expect the same format for many or most letters directed to any consumer that is the target of LCA.

12.     Mr. Brown has received at least two letters from LCA stating that he owes $22.40.

13.     Mr. Brown alleges that the communications from LCA are violations of West Virginia Law for various reasons.

14.     First, telling Mr. Brown "Your Immediate Payment Required" as statement of fact which is a violation of W Va. law because "[n]o debt collector shall use any . . .deceptive or misleading representation or means to collect or attempt to collect" from

consumers." W. Va. Code § 46A-2-127 (2008). Mr. Brown may have chosen to dispute the debt which is within his rights under state and federal law.

15.    Transferring the account from the original creditor to a collection agency automatically entitles Mr. Brown to a recital of his rights to dispute the debt from the collection agency.

16.    Second, such a recital is required by law and was not provided which is deceptive means to collect a debt. *Id.*

17.    Third, the collection letter from LCA states that "LabCorp reserves the right to refuse laboratory services for failure to pay for past services."

18.    No medical service provider that receives Federal payments or falls under Federal Medicare or other rules could deny services to indigent clients regardless of the payment status of an account.

19.    Thus this is a deception and therefore is a violation of W. Va. Code § 46A-2-127.

20.    Fourth, this threat is coercive in nature and is an attempt to convince Mr. Brown that he cannot obtain medical services unless he pays LCA.

21.    Such coercion is barred by West Virginia law. W. Va. Code § 46A-2-124.

22.    Fifth, the first letter from LCA on 08/21/09 states that "We have sent you several statements regarding this payment obligation."

23.    This statement is false as such statements, if any, would have come from the original creditor or provider and not a collection agency, a separate entity.

24.    As the date of service was 04/22/09, the first letter would not have been sent for at least 90 days and perhaps 120 days from the date of service.

25.     This false statement is made during an attempt to collect a debt, in order to convince consumers that they are 120 days late in payments to LCA. Such a statement is a deliberate deception in an attempt to collect money.

26.     Thus it is a violation of W. Va. Code § 46A-2-124.

27.     Sixth, the letter states that "this office reserves the right to report unpaid debt(s) to a credit bureau(s).

28.     In order to do this, LCA would have to have existing e-Oscar electronic filing agreements with credit reporting agencies. This is to say that it must be set up with the computers, software and contracts with these third party CRAs in order to do any reporting at all.

29.     This is a complicated and expensive process that must be in place prior to making such a threat.

30.     Mr. Brown alleges that LCA is not set up to do this, as it subcontracts out "escalated recovery steps" to AMCA.

31.     If LCA had the capacity to report to credit bureaus, it would not need AMCA to do so.

32.     If LCA has a general practice of using AMCA as an "escalated recovery step" then the statement is a deception as to the general business practices of LCA.

33.     If LCA does not have the capacity to report to credit bureaus, then the statement in the letter that it "reserves the right" to do so is a falsehood at the time the statement was made.

34.     In all cases, this is a violation of West Virginia law as no collector may make use of any deception in order to collect a debt. W. Va. Code § 46A-2-127.

35.     Without the contracts with the CRAs, LCA would lack the also lack the legal right to do any credit reporting whatsoever.

36.     No collector can break existing law in order to collect a debt. This is different than the deception itself covered above.

37.     No collector may threaten "to take action prohibited by" the WVCCPA or other law. W. Va. Code § 46A-2-127(f).

38.     Not having the contractual rights to do something threatened would fall under this statute, as would making threats of actions never taken against consumers.

39.     Seventh, the second letter sent to Mr. Brown was dated 09/11/09 and provided insufficient time to respond.

40.     Even if the first letter had contained a recital of Mr. Brown's rights to dispute, this second letter was sent too early as he has thirty days to dispute.

41.     This second letter overshadows Mr. Brown's rights by an attempt to enforce an immediate payment during the period of time that Mr. Brown should have had to dispute prior to a "deadline", which "convey effectively the validation notice without contradicting it." *Miller v. Payco-General American Credits, Inc.*, 943 F.2d 482, 485 (4th Cir. Md. 1991) and *See Creighton v. Emporia Credit Serv., 981 F. Supp. 411, 415* (E.D. Va. 1997).

42.     Thus this is a violation of W. Va. Code § 46A-2-124.

43.     In addition, for the eighth and ninth violations, both letters were sent to Mr. Brown by LCA, an unlicensed collection agency, in violation of West Virginia law.

44.     It is a requirement of West Virginia law that any collector or collection agency hold an approved collection agency license before engaging in collection activity in West Virginia. W. Va. Code § 47-16-4(a).

45.     Consumers in West Virginia may take action against unlicensed collection agencies that engage in collection, because it is a violation of the WVCCPA to attempt to collect a debt that may not be legally collected.  W. Va. Code §§ 47-16-5 and 46A-2-127.

46.     Moreover, West Virginia requires that all collectors are bonded. It is a requirement of West Virginia law that any collector or collection agency provide a collection surety bond before engaging in collection activity in West Virginia. W. Va. Code § 47-16-4(b).

47.     LCA maintains no such bond, and these letters provide the tenth and eleventh violations.

48.     Consumers in West Virginia may take action against collection agencies who fail to provide this bond and still engage in collection, because it is a violation of the WVCCPA to attempt to collect a debt that may not be legally collected. *See* W. Va. Code §§ 47-16-5 and 46A-2-127.

49.     In addition to collecting without a license or bond, no collector may threaten "to take action prohibited by" the WVCCPA or other law. W. Va. Code § 46A-2-127(f).

50.     Sending dunning letters threatening legal action or further collection activity while unlicensed easily breaches this legal protection.

**COUNTS XV-XXV: Violations of AMCA**

51.    Mr. Brown adopts and incorporates by reference the paragraphs numbered 1 through 50 above as if they were fully and completely set forth herein.

52.    For all the collection letters discussed in the instant matter, Mr. Brown asserts on his behalf and on the behalf of those similarly situated that they appear to be computer or auto-generated letters and are not individually hand-written to Mr. Brown, and thus it is reasonable to expect the same format for many or most letters directed to any consumer that is the target of AMCA.

53.    Mr. Brown has received at least two letters from LCA stating that he owes $22.40.

54.    Mr. Brown alleges that the communications from LCA are violations of West Virginia Law for various reasons.

55.    First, telling Mr. Brown "your account has been classified as a valid and undisputed debt" as statement of fact which is a violation of  W Va. law because "[n]o debt collector shall use any . . .deceptive or misleading representation or means to collect or attempt to collect" from consumers." W. Va. Code § 46A-2-127 (2008).

56.    Mr. Brown may have still chosen to dispute the debt which is within his rights under state and federal law.

57.    Transferring the account from the collection agency to collection agency automatically entitles Mr. Brown to a recital of his rights to dispute the debt from the collection agency.

58.    Second, such a recital is required by law and was not provided which is deceptive means to collect a debt. *Id.*

59.     Third, the first letter sent to Mr. Brown was dated 12/28/09 and provided insufficient time to respond.

60.     A demand for payment by 01/11/10 was contained within the letter.

61.     Even if the first letter had contained a complete recital of Mr. Brown's rights to dispute, he still retains his right to dispute.

62.     But the assumption is made that the AMCA is ignoring Mr. Brown's rights to dispute and this is stated openly in the letter.

63.     This overshadows Mr. Brown's rights by an attempt to enforce an immediate or near payment during the period of time that Mr. Brown should have had to dispute prior to a "deadline", which "convey effectively the validation notice without contradicting it." *Miller v. Payco-General American Credits, Inc.,* 943 F.2d 482, 485 (4th Cir. Md. 1991) and *See Creighton v. Emporia Credit Serv., 981 F. Supp. 411, 415* (E.D. Va. 1997).

64.     Thus this is a violation of W. Va. Code § 46A-2-124.

65.     In addition, for the fifth and sixth violations of AMCA, both letters were sent to Mr. Brown by AMCA an unlicensed collection agency, in violation of West Virginia law.

66.     It is a requirement of West Virginia law that any collector or collection agency hold an approved collection agency license before engaging in collection activity in West Virginia. W. Va. Code § 47-16-4(a).

67.     Consumers in West Virginia may take action against unlicensed collection agencies that engage in collection, because it is a violation of the WVCCPA to attempt to collect a debt that may not be legally collected.  W. Va. Code §§ 47-16-5 and 46A-2-127.

68.     Moreover, West Virginia requires that all collectors are bonded. It is a requirement of West Virginia law that any collector or collection agency provide a collection surety bond before engaging in collection activity in West Virginia. W. Va. Code § 47-16-4(b).

69.     AMCA maintains no such bond, and these letters provide the seventh and eight violations against it.

70.     Consumers in West Virginia may take action against collection agencies who fail to provide this bond and still engage in collection, because it is a violation of the WVCCPA to attempt to collect a debt that may not be legally collected. *See* W. Va. Code §§ 47-16-5 and 46A-2-127.

71.     In addition to collecting without a license or bond, no collector may threaten "to take action prohibited by" the WVCCPA or other law. W. Va. Code § 46A-2-127(f).

72.     Sending dunning letters threatening legal action or further collection activity while unlicensed easily breaches this legal protection.

73.     Lastly it should be mentioned that vague threats to report accounts to collection agencies either immediately, by a specific time or with no time limit at all are unlawful unless it is the common and likely practice of the collector to do such a thing.

74.     This would be a deceptive act prohibited by § 46A-2-124.


## Negligence

75.     Mr. Brown adopts and incorporates by reference the paragraphs numbered 1 through 74 above as if they were fully and completely set forth herein.

76.     Common law actions may be pled alongside statutory causes of action under the WVCCPA and recoveries under both theories are permitted simultaneously. *See Casillas v. Tuscarora Land Co.*, 186 W. Va. 391(1991). (Holding that nothing in the WVCCPA provides immunity for common law misconduct, especially in a fraud context.)

77.     Regardless of the applicability of any particular statute, the Defendants have an affirmative duty to take reasonable care with entries on consumer credit reports.

78.     All collection agencies and original creditors engaged in providing consumer reports to CRAs have an affirmative duty to ensure that they are providing the most accurate and up to date information possible.

79.     As the Defendants are entrusted with systems that directly affect the financial wellbeing of individual consumers such as Mr. Brown, the duty would be heightened and could even be considered fiduciary in nature.

80.     Defendant LCA or Defendant AMCA directly may have caused and continued the entries on Mr. Brown' and other consumers' credit reports.

81.     The Defendants failed in the duty of care by failing to adhere to West Virginia license, bonding, and registration laws.

82.     The Defendants failed in the duty of care by sending coercive dunning letters.

83.     The Defendants failed in the duty of care by breaking West Virginia collection law in sending these letters.

84.     The Defendants have acted recklessly and negligently causing actual and real harm to the credit profiles of Mr. Brown and all others similarly situated.

85.     The end result of these reckless and negligent actions or inactions is real world financial harm to Mr. Brown and similar consumers.

## Class Certification

86.     Mr. Brown adopts and incorporates by reference the paragraphs numbered 1 through 85 above as if they were fully and completely set forth herein.

87.     The collection letters sent to out to Mr. Brown and other West Virginia consumers have contained multiple violations of state law.

88.     It is of special note that every registration, bonding and licensing law in West Virginia has been broken by the Defendants LCA and AMCA.

89.     An individual consumer would be unable or unwilling to fight a collector over a nominal charge even if he was aware of his rights.

90.     Even an attorney would find it impossible or at best incredibly inefficient to redress a small damage claim or a single letter on an individual basis.

91.     An individual collection letter would also likely provide little incentive for seek refuge in the consumer protection laws for the consumer, even if her rights were known.

92.     Accordingly this case is well suited for class certification.

93.     Therefore, Mr. Brown pleads that this court certify him as a lead Plaintiff for this action.

94.     Mr. Brown asserts that there are common questions of law and fact relevant to each member of the class.

95.     Mr. Brown states that the claims he is making are typical of the parties to be represented in the class.

96.     Mr. Brown asserts that this instant action will preserve and protect the rights of all members of the class affected by the actions of the Defendants.

97.     Additionally, bringing individual actions against the Defendants would pose a risk of inconsistent or varying adjudications, in different locations within without West Virginia.

98.     Dealing with the controversy at once is a superior method for dispensing just and fair adjudication as the individual cases share far more in common than they will so lack.

99.     Mr. Brown on behalf of those similarly situated is only concerned with breach of West Virginia law as it affects West Virginia citizens, and it is expected that all Plaintiffs will be West Virginia residents or consumers of services inside West Virginia or the recipients of mailings delivered into the borders of West Virginia.

100.    In any event it is believed that the total number of Plaintiff is between 50 and 99 in each class.

101.    It should be considered that West Virginia law is the source of the violations and the remedies requested.

### Class Action Certification

Plaintiff and others similarly situated ask this court to certify this case as a Class Action under W. Va. R.C.P. 23.

### Plaintiff Demands A Trial By Jury.

### Prayer for Relief

Wherefore, Plaintiff and all those similarly situated demand judgment against the Defendants, jointly and severally and additionally ask this court for pre and post-judgment interest and costs and whatever other relief this court may find just.

Notwithstanding any passing or explanatory references contained within this pleading that are intended to clarify the issues at stake, Mr. Brown and all other similarly situated Plaintiffs make their claims only under West Virginia law, and seek its greater protection as a remedy for damages suffered.

Plaintiff specifically requests attorney's fees at rates according to those available in certified class actions if the class is granted, or in the alternative requests attorney's fees as provided by the WVCCPA.

Plaintiff further requests that this Court adjust all statutory damages for inflation in accordance with W. Va. Code § 46A-5-106 and that this court award Mr. Brown and the potential class members the maximum amount of damage allowable by law.

Dated this 25th day of March, 2010

**Mark Brown,**
By Counsel

Franklin D. Cornette, Esq.  (W.Va. Bar #10851)
*Attorney for Plaintiff*
Cornette Law, PLLC
P.O. BOX 967
Weston, WV 26452
Telephone (888) 822 2980
Facsimile (888) 602 6910
franklin@cornettelaw.com