```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**MARK BROWN,**

       **Plaintiff,**

v.   //   CIVIL ACTION NO. 1:10CV76
                  (Judge Keeley)

**AMERICAN MEDICAL COLLECTIONS AGENCY,**

       **Defendant.**

### ORDER GRANTING-IN-PART AND DENYING-IN-PART DEFENDANT'S MOTION TO DISMISS (DKT. 5), DENYING AS MOOT PLAINTIFF'S MOTION TO REMAND (DKT. 12), AND DIRECTING PARTIES TO SUBMIT REVISED DISCOVERY PLAN

On June 30, 2010, the Court held a scheduling conference and took up pending motions in this case. For the reasons stated on the record at the conference and set forth in this Order, the Court **GRANTS-IN-PART** and **DENIES-IN-PART** the motion to dismiss (dkt. 5) filed by the defendant, American Medical Collections Agency ("AMCA").[1] At the hearing, counsel for the plaintiff, Mark Brown, moved to withdraw Brown's motion to remand (dkt. 12). Accordingly, the Court **DENIES** the motion to remand as moot.

### I. FACTUAL AND PROCEDURAL BACKGROUND

According to Brown's complaint (dkt. 3-1 at 15 et seq.), which he originally filed in the Circuit Court of Marion County, West Virginia, on April 5, 2010 (Civ. Action No. 10-C-110), first LCA,

---

[1] The plaintiff dismissed former defendant LCA Collections ("LCA") via a Notice of Settlement filed on June 18, 2010 (dkt. 20).

**BROWN v. AMERICAN MEDICAL COLLECTIONS AGENCY, ET AL.      1:10CV76**

**ORDER GRANTING-IN-PART AND DENYING-IN-PART DEFENDANT'S MOTION TO DISMISS (DKT. 5), DENYING AS MOOT PLAINTIFF'S MOTION TO REMAND (DKT. 12), AND DIRECTING PARTIES TO SUBMIT REVISED DISCOVERY PLAN**

and then AMCA, began sending him collection or "dunning" letters in 2009 regarding a small medical debt. He alleges that these letters violated the West Virginia Consumer Credit Protection Act (CCPA), W. Va. Code § 46A-2-101 et seq. Specifically, he claimed that the letters did not contain a statement informing him of his right to dispute the debt, contained false and misleading statements, and threatened to take action prohibited by the CCPA. Further, he alleges that neither LCA nor AMCA has met the licensing and bonding requirements for collection agencies imposed by W. Va. Code § 47-16-4(a) and (b). He additionally alleges that the defendants wrongfully reported negative information regarding the debt to major credit bureaus. Finally, Brown seeks to certify a class consisting of other West Virginia residents who received the allegedly illegal letters.

AMCA, with LCA's consent, removed the case to this Court on May 10, 2010,[2] following which on May 17, AMCA filed its motion to dismiss.

---

[2] As noted above, Brown moved to remand this case to the Circuit Court of Marion County, but subsequently moved to withdraw that motion. The Court concludes that the damages sought by Brown in his complaint and the diversity of the parties properly supports the Court's jurisdiction in this case.

**BROWN v. AMERICAN MEDICAL COLLECTIONS AGENCY, ET AL.        1:10CV76**

**ORDER GRANTING-IN-PART AND DENYING-IN-PART DEFENDANT'S MOTION TO DISMISS (DKT. 5), DENYING AS MOOT PLAINTIFF'S MOTION TO REMAND (DKT. 12), AND DIRECTING PARTIES TO SUBMIT REVISED DISCOVERY PLAN**

## II. MOTION TO DISMISS

AMCA seeks to dismiss only certain portions of Brown's complaint. First, it contends that the allegations in the complaint regarding the lack of a statement informing Brown of his right to dispute a debt (commonly known as a "validation notice") do not state a claim under the CCPA. Although such a requirement is found in the federal Fair Debt Collection Practices Act ("FDCPA"), 16 U.S.C. § 1692g, Brown specifically states, both in his complaint and at the hearing held on June 30, that he seeks relief only under West Virginia law.

Brown responds that although the CCPA does not include the validation notice requirement of the FDCPA, letters without such a notice constitute a "deceptive" debt collection practice prohibited by the CCPA. W. Va. Code § 46A-2-127. Brown argues that the letters in this case specifically violated that provision because they demanded he pay the debt immediately or within a few days, which misleads the consumer by "overshadowing" his right to dispute the debt within thirty days as provided in 16 U.S.C. § 1692g.

The Court concludes that, on a motion to dismiss, it would be improper to deny Brown the opportunity to prove that the letters in

3

**BROWN v. AMERICAN MEDICAL COLLECTIONS AGENCY, ET AL.      1:10CV76**

**ORDER GRANTING-IN-PART AND DENYING-IN-PART DEFENDANT'S MOTION TO DISMISS (DKT. 5), DENYING AS MOOT PLAINTIFF'S MOTION TO REMAND (DKT. 12), AND DIRECTING PARTIES TO SUBMIT REVISED DISCOVERY PLAN**

question (which themselves are not properly before the Court on a motion under Rule 12(b)(6)) were deceptive. Thus, the Court **DENIES** the motion to dismiss **IN PART**, insofar as that motion addresses Brown's "overshadowing" claims based on § 46A-2-127.

The remainder of AMCA's motion addresses Brown's allegations that it wrongfully reported the debt to consumer credit reporting agencies. AMCA argues that such actions are preempted by the federal Fair Credit Reporting Act ("FCRA"). 15 U.S.C. § 1681 et seq. Under the FCRA, common-law claims based on negligent credit reporting are specifically barred unless the consumer alleges "malice or willful intent to injure such consumer." 15 U.S.C. 1681h(e). Brown makes no such allegations in his complaint. Accordingly, the Court **GRANTS** AMCA's motion **IN PART** and dismisses the claims contained in paragraphs 77, 78, 79, 80, and 84 of Brown's complaint, as those claims pertain to alleged negligence or recklessness in credit reporting.

## CONCLUSION

For the reasons stated above, the Court **GRANTS-IN-PART** and **DENIES-IN-PART** AMCA's motion to dismiss (dkt. 5), and **DENIES AS MOOT** Brown's motion to remand (dkt. 12). As stated at the scheduling conference, the Court **ORDERS** the parties to submit a

**BROWN v. AMERICAN MEDICAL COLLECTIONS AGENCY, ET AL.      1:10CV76**

**ORDER GRANTING-IN-PART AND DENYING-IN-PART DEFENDANT'S MOTION TO DISMISS (DKT. 5), DENYING AS MOOT PLAINTIFF'S MOTION TO REMAND (DKT. 12), AND DIRECTING PARTIES TO SUBMIT REVISED DISCOVERY PLAN**

revised scheduling plan by **July 20, 2010.** The Court will conduct a scheduling conference on **August 6, 2010, at 9:30 A.M.** at the **Clarksburg, West Virginia** point of holding court. The parties may appear by telephone. Counsel for the plaintiff should initiate the call with all parties and with the Court at **(304)624-5850.**

   It is so **ORDERED.**

   The Court directs the Clerk to transmit copies of this Order to counsel of record.

DATED: July 14, 2010.

                              /s/ Irene M. Keeley
                              IRENE M. KEELEY
                              UNITED STATES DISTRICT JUDGE

5